# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## BRYSON CITY DIVISION

### CRIMINAL NO. 2:07CR11

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Vs. ) | **MEMORANDUM AND ORDER** |
| ) | |
| LOIS J. HOPPSTEIN ) | |

**THIS MATTER** is before the Court on the Defendant's appeal from the Judgment of Conviction entered by the Magistrate Judge. For the reasons stated herein, the sentence is affirmed.

### I. PROCEDURAL HISTORY

On December 28, 2006, the Defendant was issued a violation notice charging her with driving under the influence within the Great Smoky Mountains National Park in violation of 36 C.F.R. § 4.23(a)(1). Although the record is unclear, it appears there were other charges of driving with an open container of alcohol, interfering with an agency function, refusing a breathalyzer test, and child abuse. On April 18, 2007, she entered a guilty

plea to driving under the influence and was sentenced by the Magistrate Judge to five months incarceration with credit for three months spent in substance abuse treatment. On April 24, 2007, she appealed the sentence imposed by the Magistrate Judge.

## II. STANDARD OF REVIEW

A defendant who is convicted and sentenced by a magistrate judge is not entitled to a trial *de novo* by a district court. **Fed. R. Crim. P. 58(g)(2)(D).** "The scope of appeal shall be the same as an appeal from a judgment of a district court to a court of appeals." *Id.*

> An appeal of an otherwise final sentence imposed by a United States magistrate judge may be taken to a judge of the district court and this section shall apply . . . as though the appeal were to a court of appeals from a sentence imposed by a district court.

**18 U.S.C. § 3742(h).**

The United States Sentencing Guidelines do not apply to Class B or C misdemeanors. **U.S.S.G. § 1B1.9;** *In re Solomon*, **465 F.3d 114, 120 (3d Cir. 2006) ("The commentary states that these offenses are excepted from the Guidelines for reasons of judicial economy[.]");** *United States v. DeJesus*, **277 F.3d 609, 611 (1st Cir. 2002);** *United*

*States v. Buckner*, 155 F. App'x 67 (3d Cir. 2005), *cert. denied*, 547 U.S. 1047 (2006); *United States v. Rowe*, 110 F. App'x 92 (10th Cir. 2004). Operating or being in physical control of a motor vehicle while under the influence of alcohol is a violation of 36 C.F.R. § 4.23(a) which is punishable by imprisonment for up to six months. **36 C.F.R. § 1.3.** A violation of 36 C.F.R. § 4.23 is a federal Class B misdemeanor. **18 U.S.C. § 3559(a)(7).** Thus, the sentencing guidelines are inapplicable.

> A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence – was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

**18 U.S.C. § 3742(a)(4).** Thus, while an application of law in sentencing would normally be reviewed *de novo*, because the sentencing guidelines do not apply to this case, the review is to determine if the sentence was "plainly unreasonable."[1] *Id.*; *United States v. Chavez*, 204 F.3d 1305 (11th Cir. 2000); *United States v. Floresdelgado*, 131 F. App'x 28 (4th Cir. 2005). In determining whether a sentence is "plainly unreasonable," the Court must first determine whether the sentence is simply

---

[1] The Court acknowledges that *United States v. Booker*, 543 U.S. 220 (2005), in effect renders this distinction meaningless since any sentence now must be reasonable under the factors of 18 U.S.C. § 3553. ***See, e.g., Solomon, supra*.**

unreasonable. ***United States v. Moulden*, 478 F.3d 652, 656 (4th Cir. 2007).** "This initial inquiry takes a more 'deferential appellate posture concerning issues of fact and the exercise of discretion' than reasonableness review for guidelines sentences." ***Id.* (quoting *United States v. Crudup*, 461 F.3d 433, 439 (4th Cir. 2006)).** The sentencing court must consider the applicable § 3553 factors and provide a statement of reasons. ***Id.* at 657.** "Only if this modified 'reasonableness' analysis leads [the court] to conclude that the sentence was unreasonable, do[es] [the reviewing court] ask whether it is 'plainly' so, 'relying on the definition of 'plain' [used] in [the] 'plain' error analysis'– that is, 'clear' or 'obvious.'" ***Id.* (quoting *Crudup, supra*).** "Under any circumstances, the 'plainly unreasonable' standard is extremely deferential." ***DeJesus*, 277 F.3d at 612 (citing *United States v. Underwood*, 880 F.2d 612, 620 (1st Cir. 1989)).**

Finally, factual findings in support of appellant's sentence are upheld unless those findings were clearly erroneous. ***United States v. Bursey*, 416 F.3d 301, 305-06 (4th Cir. 2005), *cert. denied*, 126 S. Ct. 1154 (2006); *United States v. ReBrook*, 58 F.3d 961, 969 (4th Cir. 1995); *United States v. Orme*, 51 F.3d 269 (table), 1995 WL 131351 (4th Cir.**

**1995) (applying standard to district court's review of magistrate judge's imposition of sentence).**

## III. DISCUSSION

The Defendant entered into a guilty plea pursuant to which she admitted the following factual basis. On December 28, 2006, at a time when road conditions were icy and snowy, the Defendant was driving in the Great Smoky Mountains National Park with her six year old son in the back seat of the car. She was intoxicated at the time and refused to cooperate with the arresting officer. When asked to get out of the car, the Defendant first refused, then became belligerent and tried to walk away from the officer. The officer was concerned the Defendant would walk into oncoming traffic and ultimately had to place her under arrest. At that time, the Defendant resisted arrest and attempted to attack the officer. Once placed in the patrol car, the Defendant continued to kick and scream and the officer was required to use a taser weapon on the Defendant on two occasions. One and half hours later, the Defendant's blood alcohol was measured at .25. The Defendant's child was placed with the Department of Social Services for the night as the Defendant was detained in custody.

The Magistrate Judge accepted this factual basis without any objection, correction or clarification from the Defendant except an acknowledgment that the Defendant had called the arresting officer to apologize for her behavior. It was reported that following arrest, the Defendant, who is a pharmacist, voluntarily committed herself to a 30-day inpatient treatment program followed by 60 days in a half way house where she performed community service. As a result of this incident, the Defendant has been demoted to a pharmacist intern and must consistently report to the state board of pharmacy.

The Magistrate Judge, in addition to the factors prescribed by federal statute, also consulted the North Carolina General Statutes. He found that driving while impaired with her child in the car was a grossly aggravating factor. He found that her gross impairment was an aggravating factor. Contrary to the Defendant's argument in the brief on appeal, the Magistrate Judge found two mitigating factors: her previously safe driving record and her voluntary submission to treatment. The Magistrate Judge sentenced the Defendant to five months imprisonment with credit for three months.

The Defendant's brief constitutes nothing more than disagreement with the sentence. Defendant makes a vague argument that the

Magistrate Judge incorrectly sentenced the Defendant pursuant to North Carolina law instead of federal law but does not claim this was error. While the Magistrate Judge consulted state law, the same factors are prescribed under the federal statute. For example, 18 U.S.C. § 3553(a) requires consideration of the nature and circumstances of the offense along with the history and characteristics of the Defendant, the need for the sentence to reflect the seriousness of the offense and to protect the public, the kinds of sentences available, and the range of sentencing available. The record shows that the Magistrate Judge clearly considered each of these factors.

Although the Defendant argues that the sentence is "excessive" under either state or federal law, she does not cite to a single case in support of this proposition. ***See, e.g., United States v. Yates*, 211 F. App'x 925 (11th Cir. 2006) (error to sentence defendant charged with driving while impaired under federal statute to 18 months instead of 6 months based on a state recidivist punishment statute); *United States v. King*, 38 F. App'x 171 (4th Cir. 2002) (five month term of imprisonment for driving under the influence affirmed); *United States v. Spafford*, 153 F.3d 729 (table), 1998 WL 427129 (10th Cir. 1998) (affirming six month sentence); *United States v. Collazo*, 117 F.3d 793**

**(5th Cir. 1997) (three month sentence affirmed);** *United States v. Adams*, **960 F.2d 147 (table), 1992 WL 78817 (4th Cir. 1992) (six month sentence affirmed);** *United States v. Gibson*, **896 F.2d 206 (6th Cir. 1990) (imposition of four consecutive sentences of six months each in connection with four counts of driving under the influence not excessive).** The Court cannot find that the sentence imposed was unreasonable, much less plainly unreasonable.

In connection with her appeal, the Defendant has submitted numerous letters addressed to the undersigned. Those matters were not before the Magistrate Judge, are not part of the record of the case, and may not be considered by the undersigned. **Fed. R. Crim. P. 58(g)(C) ("The record consists of the original papers and exhibits in the case, any transcript, tape or other recording of the proceedings and a certified copy of the docket entries.");** *United States v. Jacobs*, **815 F. Supp. 898 (D.S.C. 1993).** The Court listened to the tape recording of the proceedings before the Magistrate Judge and consulted the record.

## IV.  ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's sentence entered by the Magistrate Judge on April 18, 2007, is hereby **AFFIRMED**.

Signed: July 6, 2007

Lacy H. Thornburg
United States District Judge